IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff/Respondent,<br><br>vs.<br><br>TIMOTHY FREDERICK WOOD,<br><br>Defendant/Movant. | Cause No. CR 18-12-BLG-DLC<br>CV 20-93-BLG-DLC<br><br>ORDER DENYING § 2255 MOTION AND DENYING CERTIFICATE OF APPEALABILITY |

This case comes before the Court on Defendant/Movant Timothy Frederick Wood's motion to vacate, set aside, or correct his sentence, pursuant to 28 U.S.C. § 2255. Wood is a federal prisoner proceeding pro se.

In reviewing Wood's motion, the Court has consulted the reporter's rough transcript of the change of plea hearing. The United States will be required to order the transcript for filing in the record of the case as well as a copy to be delivered to Wood. *See* 28 U.S.C. § 753(f).

## I. Preliminary Review

Before the United States is required to respond, the Court must determine whether "the motion and the files and records of the case conclusively show that

1

the prisoner is entitled to no relief." 28 U.S.C. § 2255(b); *see also* Rule 4(b), Rules Governing Section 2255 Proceedings for the United States District Courts. A petitioner "who is able to state facts showing a real possibility of constitutional error should survive Rule 4 review." *Calderon v. United States Dist. Court*, 98 F.3d 1102, 1109 (9th Cir. 1996) ("*Nicolas*") (Schroeder, C.J., concurring) (referring to Rules Governing § 2254 Cases). But the Court should "eliminate the burden that would be placed on the respondent by ordering an unnecessary answer." Advisory Committee Note (1976), Rule 4, Rules Governing § 2254 Cases, *cited in* Advisory Committee Note (1976), Rule 4, Rules Governing § 2255 Proceedings.

## II. Background

On January 4, 2018, agents executing a search warrant located methamphetamine and firearms in a basement apartment Wood shared with co-defendant Russell. In Wood's bedroom, agents found over 500 grams of a substance that proved to contain methamphetamine. Under the mattress, they found two Smith and Wesson 9-mm handguns. Wood was arrested. *See* Offer of Proof (Doc. 36-1) at 4–6; Compl. Aff. (Doc. 1-1) at 5 ¶¶ 10, 12; Presentence Report (Doc. 76) ¶¶ 13, 18. Attorney Daniel Ball was appointed to represent him. *See* Order (Doc. 10).

On January 18, 2018, a grand jury indicted Wood on one count of conspiring to distribute and possess with intent to distribute 500 grams or more of a substance containing methamphetamine, a violation of 21 U.S.C. § 846 (Count 1); possessing the same with intent to distribute it, a violation of 21 U.S.C. § 841(a)(1) (Count 2); and one count of possessing a firearm in furtherance of the drug trafficking crimes alleged in Counts 1 and 2, a violation of 18 U.S.C. § 924(c)(1)(A)(i) (Count 3). Based on the drug quantity alleged, Wood faced a ten-year mandatory minimum prison term if convicted on Count 1 or 2, and conviction on Count 3 carried a mandatory minimum prison term of five years consecutive to any other sentence. *See* 21 U.S.C. § 841(b)(1)(A)(viii); 18 U.S.C. § 924(c)(1)(A)(i), (D)(ii).

After Ball was authorized to obtain investigative services up to $2,500, *see* Ex Parte Mot. (Doc. 26); Order (Doc. 27), Wood pled guilty to all three counts against him, *see* Minutes (Doc. 44).

A presentence report was prepared. Because Wood was designated a career offender, the advisory guideline range was 262 to 327 months in prison. Based on several factors, the Court imposed the mandatory minimum sentence—that is, 120 months on Counts 1 and 2, concurrently, and a consecutive term of 60 months on Count 3, for a total of 180 months or 15 years in prison—to be followed by five years' supervised release. *See* Judgment (Doc. 77) at 2–3; Statement of Reasons (Doc. 78) at 1 § III, 3 § VI(D).

3

Wood did not appeal. His conviction became final on August 27, 2018. *See Gonzalez v. Thaler*, 565 U.S. 134, 150 (2012). He filed his § 2255 motion on June 18, 2020. *See* Mot. § 2255 (Doc. 84) at 6; 28 U.S.C. § 2255(f)(1); *Houston v. Lack*, 487 U.S. 266, 276 (1988).

### III. Claims and Analysis

Wood challenges the validity of his conviction and sentence for possessing a firearm in furtherance of a drug trafficking crime under 18 U.S.C. § 924(c). He relies on *Davis v. United States*, __ U.S. __, 139 S. Ct. 2319 (2019). Wood also alleges that his counsel's failure to explain the legal issues that led to the *Davis* decision violated Wood's Sixth Amendment right to effective assistance of counsel. *See generally Strickland v. Washington*, 466 U.S. 668, 687–88, 694 (1984).

A one-year limitations period applies to motions under 28 U.S.C. § 2255. See 28 U.S.C. § 2255(f)(1)–(4). The *Strickland* claim is probably untimely, but if *Davis* applies to Wood's case, presumably at least one of his claims would be timely. But there is no need to address the timeliness issue. The Court will address Wood's claims on their merits.

#### A. Wood's Case Does Not Fall Under the Rule of *Davis*

18 U.S.C. § 924(c) prohibits using or carrying a firearm during and in relation to, or possessing a firearm in furtherance of, two types of crimes: drug

trafficking crimes, and crimes of violence. *See* 18 U.S.C. § 924(c)(1)(A). In *Davis*, the Supreme Court concluded that a portion of the statute's definition of the term "crime of violence" was unconstitutionally vague. The definition of that phrase is found in § 924(c)(3), subsections (A) and (B). The unconstitutional provision is § 924(c)(3)(B). *See Davis*, 139 S. Ct. at 2336.

The term "drug trafficking crime" is defined in § 924(c)(2). The term "means any felony punishable under the Controlled Substances Act (21 U.S.C. 801 et seq.), the Controlled Substances Import and Export Act (21 U.S.C. 951 et seq.), or chapter 705 of title 46." 18 U.S.C. § 924(c)(2). Wood was charged with violating 21 U.S.C. §§ 846 (Count 1) and 841(a)(2) (Count 2). Both § 846 and § 841 are felonies punishable under the Controlled Substances Act, subchapter I of chapter 13 of Title 21. *See, e.g.*, Controlled Substances Act, Pub. L. No. 91-513, tit. II, §§ 100, 401(a)(1), 406, 84 Stat. 1236, 1242, 1260, 1265 (Oct. 27, 1970). *Davis* has no bearing on Wood's case.

### B. Wood's Case Was Not Affected by § 924(c)(3)

Wood also asserts that "[f]actually, the firearm at issue was possessed—if at all—at a remote location entirely disconnected with the facts constituting the basis for Counts 1 and 2." Mot. § 2255 (Doc. 84) at 3.[1] He explains that he knew this

---

[1] The clerk docketed Wood's motion (Doc. 82) on June 24, 2020, but the motion bore a /s/ signature, which is not accepted from a pro se litigant. *See* D. Mont. L.R. 11.1(d). The clerk returned a copy to Wood for a proper hand signature. The Court will consider only the properly

5

fact at the time his case was being litigated, but he did not raise it, because if he had done so, the United States would simply abandon its reliance on the definition of a "drug trafficking" crime and accuse him of possessing the firearm in furtherance of a "crime of violence." *See id*. at 3–4.

This argument does not hold up on the facts or on the law. In legal terms, *Davis* explains that Congress amended § 924(c) to add "drug trafficking crimes" precisely *because* drug trafficking did not fit the statutory definition of a "crime of violence." *See Davis*, 139 S. Ct. at 2331 (quoting *United States v. Diaz*, 778 F.2d 86, 88 (2d Cir. 1985), and 18 U.S.C. § 924(c)(3)(B)). Wood was never accused of committing a crime other than drug trafficking, much less a crime involving violent conduct or a high risk of violent conduct, and nothing in either his § 2255 motion or the record of the case suggests he could have been. So, in Wood's case, the United States could not simply "switch" from one definition to the other.

And, in factual terms, Wood was not charged with participating in a specific drug sale. He was charged with possessing methamphetamine with intent to distribute it and conspiring with Russell to do so. The principal evidence supporting his conviction for those offenses consisted of Russell's statements about what he and Wood were up to and all the methamphetamine stored in

---

signed motion (Doc. 84). The two documents are identical. Wood incurs no prejudice from the timing.

Wood's bedroom. There was nothing "remote" about that location. It was the same room where Wood stored two handguns under the mattress of the bed.

### C. Ineffective Assistance of Counsel

Wood does not show that counsel missed anything significant or that counsel's performance unfairly prejudiced him. *See* Mot. § 2255 at 4–5.

### D. Conclusion

Wood engaged in drug trafficking. He admitted possessing handguns for his protection because he was engaged in drug trafficking. Therefore, he possessed firearms in furtherance of drug trafficking. *Davis* does not support relief.

## IV. Certificate of Appealability

"The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11(a), Rules Governing § 2255 Proceedings. A COA should issue as to those claims on which the petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The standard is satisfied if "jurists of reason could disagree with the district court's resolution of [the] constitutional claims" or "conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

The rule of *Davis v. United States*, __ U.S. __, 139 S. Ct. 2319 (2019), clearly does not apply to convictions under 18 U.S.C. § 924(c) for possessing a firearm in furtherance of a drug trafficking crime. Wood was never accused of engaging in a crime of violence, and nothing in either his § 2255 motion or the record of the case suggests he could have been. Counsel did not miss anything. There is no reason to encourage further proceedings. A COA is not warranted.

Accordingly, IT IS ORDERED:

1. Pursuant to 28 U.S.C. § 753(f), the Court CERTIFIES that the transcript of the change of plea hearing, held April 5, 2018, is needed to decide the issues Wood presents.

2. The United States shall immediately order the transcript of that hearing for the Court's file and shall deliver a copy to Timothy Wood, BOP # 17041-046, FCI Florence, Federal Correctional Institution, P.O. Box 6000, Florence, CO 81226.

3. Wood's motion to vacate, set aside, or correct the sentence under 28 U.S.C. § 2255 (Doc. 84) is DENIED.

4. A certificate of appealability is DENIED. The clerk shall immediately process the appeal if Wood files a Notice of Appeal.

5. The clerk shall ensure that all pending motions in this case and in CV 20-93-BLG-DLC are terminated and shall close the civil file by entering judgment in

favor of the United States and against Wood.

DATED this 16th day of September, 2020.

_____
Dana L. Christensen, District Judge
United States District Court